UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

In re:

STEPHANIE PRUCHNIK,   Case No. 07-34035
                     Chapter 7
   Debtor.           Hon. Daniel S. Opperman
_____/
COLLENE K. CORCORAN,
Chapter 7 Trustee,

   Plaintiff,

v.                   Adv. Proc. No. 08-3088

KATHERINE PRUCHNIK,

   Defendant.
_____/

OPINION REGARDING SECTION 547(b) ADVERSARY PROCEEDING

The issue in this case is whether a transfer made to Defendant two days before the instant bankruptcy was filed is a preferential transfers pursuant to 11 U.S.C. § 547(b). The Court conducted the trial on this case on March 3, 2009. The Court concludes that Plaintiff is entitled to a judgment against Defendant in the entire amount of the transfer, $6,200.00.

I.
FACTUAL BACKGROUND

Debtor Stephanie Pruchnik was injured while working in December of 2005. A worker's compensation action had been pending since March 2006, which was thereafter settled, resulting in a lump payment to Debtor in the net amount of $12,509.33 on or about August 3, 2007. (Worker's Compensation Opinion/Order and attachments, Plaintiff's Admitted Exhibit 3).

1

Debtor also was to receive ongoing weekly wage loss payments of $367.27. Debtor filed this Chapter 7 bankruptcy case on November 19, 2007. At the Section 341 Meeting of Creditors, held and concluded on January 7, 2008, Debtor testified that she received a lump sum payment of $11,000 in the beginning of August. (Transcript, pp. 5-6, Plaintiff's Admitted Exhibit 2). Debtor further testified at the Meeting that she used this money to buy a truck for $4,800, and used the remainder of this money–$6,200–to pay off her "grandmother and mother for paying for me for two years while we were in dispute with workers comp ("Transfer").

After the Meeting of Creditors was concluded, Debtor amended her bankruptcy schedules and statement of financial affairs on January 25, 2008. The amended schedules changed Debtor's answer to Question 3c on the Statement of Financial Affairs, which requires debtors to list all payments made within one year of the bankruptcy filing "to or for the benefit of creditors who are or were insiders." The answer to Question 3c changed from "None" in Debtor's original answer to this question, to list a payment made to Debtor's motion in August of 2007 in the amount of $6,200, in her amended answer to this question.

At trial, Plaintiff Trustee Collene K. Corcoran questioned Debtor on direct examination. Debtor testified that both her testimony on January 7, 2008 at the Meeting of Creditors and her amended Question 3c on her Statement of Financial Affairs regarding the Transfer were inaccurate. She testified that her mental state of mind on both dates was not clear and that she was on medication at the time, and that her current, correct testimony was that the Transfer was more akin to a gift rather than a repayment of debt. Debtor further testified that the Transfer occurred in order for her mother to pay Debtor's bills as Debtor did not have, and could not obtain, a checking account at the time.

Defendant Katherine Pruchnik testified that the $6,200 was used exclusively to pay Debtor's bills, and none of it was used for Defendant's personal purposes. Defendant testified that she would either write checks or give Debtor cash from the Defendant's checking account in which the funds were held as the need arose.

Defendant's husband, Walter Pruchnik also testified. Mr. Pruchnik affirmed the testimony of Debtor as to mental and physical condition, and the financial struggles of Debtor since her injury. Mr. Pruchnik also testified that he did not believe Debtor owed anything to Defendant and him.

Finally, the Plaintiff Trustee also testified as a witness, stating that Defendant directly stated to Plaintiff in a telephone conversation that Debtor owed Defendant more than the $6,200, which the Trustee was seeking to recover. Defendant also stated to Plaintiff that she could not afford to pay the estate back the $6,200.

## II.
## JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to avoid preferences. 28 U.S.C. § 157(b)(2)(F). As this is a proceeding to avoid a preference, this is a core proceeding under 28 U.S.C. § 157(b). This Court has jurisdiction over this matter.

## III.
## ANALYSIS

In order for a transfer to be avoidable as a preference under Section 547(b), the Plaintiff must prove that all of the elements of Section 547(b) have been met. *Waldschmidt v. Ranier (In*

3

*re Fulghum Constr. Corp.)*, 706 F.2d 171, 172 (6th Cir.), *cert. denied sub nom.*, *Ranier & Assocs. v. Waldschmidt*, 464 U.S. 935 (1983). Section 547(b) states:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made –
>
> > (A) on or within 90 days before the date of the filing of the petition; or
> >
> > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if–
>
> > (A) the case were a case under chapter 7 of this title;
> >
> > (B) the transfer had not been made; and
> >
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties agree that the Transfer was made within one year of the bankruptcy filing, that Defendant is an insider of Debtor, and that it occurred when Debtor was insolvent. The parties disagree, however, as to three critical elements of the preference analysis: whether Defendant was a creditor of Debtor at the time of the Transfer; whether the Transfer was for or on account of an antecedent debtor owing by Debtor to Defendant; and whether the Transfer enabled Defendant to receive more than she otherwise would have received if the Transfer had not been made. Specifically, Defendant argues that at no time did Debtor owe Defendant any

4

money, and the $6,200 placed in Defendant's account was only used by Defendant to pay expenses on behalf of Debtor.

Section 547(b) requires that the transfer be made to a creditor "on account of an antecedent debt owed by the debtor." While the Court considers this phrase to be relatively unambiguous, Collier on Bankruptcy, a noted bankruptcy treatise, offers helpful insight:

> Section 547(b)(2) provides that the trustee may avoid as a preference a transfer of an interest of the debtor in property "for or on account of an antecedent debt owed by the debtor before such transfer was made." Although "antecedent debt" is not defined by the Code, a debt is "antecedent" if it is incurred before the transfer: the debt must have preceded the transfer. While courts hold that a debt is "incurred" when the debtor first becomes legally bound to pay, settlements of claims have been found to be preferential transfers within the meaning of section 547(b)(2).
>
> \* \* \* \*
>
> As noted above, the object of prohibiting preferences is to prevent favoritism among the debtor's creditors who ought in fairness to stand on the same footing. Before such favoritism can be accomplished, the transfer must result in depletion of the estate available for those creditors. Thus, any transfer to a creditor within the preference period by way of payment on or security for an antecedent debt causes a depletion of the debtor's estate and, other elements being present, will constitute an avoidable preference.

5 Collier on Bankruptcy, ¶ 547.03 (15th ed. rev. 2009). Thus, the debt must have occurred before the Transfer was made, which resulted in a depletion of the Debtor's estate available for all creditors.

In this case, the Court finds that Debtor did owe at least $6,200 to Defendant at the time of the Transfer. Defendant testified at trial that Debtor did not, at the time of the Transfer or currently, owe her money; but rather, Debtor owed and owes her in a familial, non-monetary sense. On the contrary, the sworn schedules, as last amended, and sworn testimony at the Section 341 Meeting of Creditors indicate otherwise. The Court is particularly persuaded by the

5

testimony of Debtor that Defendant attended the meeting with Debtor and her attorney following the Meeting of Creditors, at which time Debtor amended Question 3 on her Statement of Financial Affairs to list the Transfer.  By answering this question, Debtor affirmed under oath that the Transfer was one made "to or for the benefit of" her mother as a "creditor."  Defendant's presence with Debtor at that meeting further supports this affirmation.  At trial, Defendant presented herself as articulate, intelligent and confident.  If Question 3 had been answered incorrectly at the time the amended schedules were signed by Debtor, the Court is satisfied that Defendant would have spoken up to correct any errors.

The Court finds the probative effect of Debtor's sworn schedules and sworn testimony at the Meeting of Creditors to outweigh the attempt by Defendant and Debtor, through their testimony at trial, to prove that no debt was owed and/or the Transfer was not in payment of a debt.  The Court agrees with the Trustee's evaluation of this action, and concludes that these two crucial sworn statements, both admitted as evidence at the trial, should outweigh what the Court considers to be the self-serving testimony of Defendant and Debtor.

The Court finds that Plaintiff has otherwise met her burden in proving the other elements under Section 547(b).  From the facts determined in this Opinion, it is clear Defendant received a transfer of $6,200, within one year of the November 19, 2007, bankruptcy that was made while Debtor was insolvent and would allow Defendant to receive more that in Chapter 7 and if the transfer had not been made.

6

08-03088-dof    Doc 16    Filed 06/29/09    Entered 06/29/09 11:51:27    Page 6 of 7

## IV.
## CONCLUSION

For the above-stated reasons, Judgment is granted in favor of Plaintiff against Defendant in the amount of $6,200.00.  Plaintiff shall prepare and present an appropriate order to the Court.

**Signed on June 29, 2009**

                                        **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**